EX PARTE STAHL.

(Decided February 15, 1935.)

*Mr. O. H. Corvington,* for the petitioner.
*Mr. George E. Bailey, contra.*

WASHBURN, J.  Orville Stahl filed an application in the Court of Appeals of Summit county for a writ of *habeas corpus,* claiming that he was unlawfully imprisoned in the jail of the county under a commitment issued by Grace Currey Averill, justice of the peace of Copley township.

His chief contention is that said justice was without jurisdiction to try the defendant and render final judgment in certain proceedings wherein defendant was prosecuted before said justice for the violation of certain sections of the motor vehicle act, Sections 12603 to 12628-1, General Code, inclusive.

The cause has been submitted upon a transcript of the proceedings had before said justice, as shown by

the docket entries, the original papers filed in said proceedings, and copies of the writs issued by said justice of the peace in said proceedings.

From such record it appears that on February 16, 1934, said Stahl was brought before said justice upon the charge, made by a constable, of violating Section 12628-1, General Code, by driving an automobile upon the public highways while in a state of intoxication; that, upon being brought before said justice, said Stahl plead guilty; and that, thereafter, but at the same session of the court, he signed a writing in which he waived "the right of trial by jury" and in which he consented "to be tried by the court."

There was no examination or trial, and no further action is shown except that the justice entered upon the docket the following:

"$100.00 fine, cost.

"License plates taken away for 6 months.

"6 months' jail sentence suspended if the defendant does not violate the law during 6 months.

"Total costs, $22.15."

The record further discloses that said Stahl paid the costs and $2 upon the fine, and apparently went his way.

The record further discloses that on the 22nd day of March, 1934, Stahl was brought before said justice and charged by a constable:

1.   With violating "G. C. 12618, to wit, displaying plates that belong to another vehicle."

2.   With violating "G. C. 12628-1, to wit, driving an auto while in the state of intoxication. Second offense. Mr. Stahl arrested Feb. 17, 1934, for the same offense."

3.   With violating "G. C. 12628-1, to wit, driving an automobile during the time he was suspended from such operation."

The record further discloses that said Stahl plead

guilty to each of said charges, and that thereafter, but during the same session of the court, he signed a writing in which he waived "the right of trial by jury", and in which he consented "to be tried by the court" as to each of said charges.

No examination or trial was had and no further action was taken except that the record shows that as to charge No. 1 the justice entered upon the docket the following:

"Sentence: $50.00 fine, $20.00 costs.

"Com. to jail to serve sentence March 23, 1934, to Summit county jail, Akron, Ohio."

And as to charge No. 2 the justice entered upon the docket the following:

"Conditional sentence: $500.00 find not imposed, but fine of $200.00 given. $100.00 find of sentence suspended.

"6 months in jail—second offense.

"If defendant serves entire jail sentence out, this $100.00 due will be suspended, otherwise in full force.

"Com. to jail March 23, 1934.

"Costs suspended if the defendant serves entire sentence in jail.

"Costs $10.40."

And as to charge No. 3 the justice entered upon the docket the following:

"Sentence: Had been convicted of driving while intoxicated before.

"The other jail sentence of 6 months is hereby declared in full force and additional sentence of 6 months for this offense is also ordered. Total, 12 months in jail.

"Costs suspended if defendant serves entire sentence in jail."

The record further shows that on the 23rd day of March, 1934, said justice issued a mittimus to the keeper of the jail of Summit county, in which, after

referring to said proceedings, the justice recited that said Stahl "has been ordered, adjudged and sentenced by me to pay a fine to the State of Ohio, in the sum of $70 and 1½ yr. in jail and costs amounting to $........* * *. Therefore I command you, in the name of the State of Ohio, to receive the said O. A. Stahl into your custody in the jail of the county aforesaid, and to remain until pd. and/or until discharged by due course of law."

As has been said, the claim of said Stahl is that, inasmuch as upon being brought before the justice upon said four charges he entered a plea of guilty, the only action which said justice had jurisdiction to thereafter take was to require him to enter into a recognizance in each of said cases to appear before the proper court; in other words, that the only jurisdiction said justice had, after said pleas of guilty were entered, was to perform the duties of an examining magistrate, and that the justice was without jurisdiction to render final judgments of sentence upon Stahl.

Jurisdiction to render final judgment and to sentence said Stahl is not conferred upon said justice by Section 13422-2 or Section 13422-3, General Code, or by *any other* act of the Legislature, unless such jurisdiction to sentence, instead of binding over to the proper court, is conferred upon the justice by Section 13433-9 or Section 13433-10, General Code. Said two sections, which have been in force for many years in substantially the same form as they now appear, and which were in force in exactly the same form (Sections 7146 and 7147, Revised Statutes) as they now appear, when the decision in *Hanaghan* v. *State,* 51 Ohio St., 24, 36 N. E., 1072, was rendered, in which case they were construed, are as follows:

"Sec. 13433-9. When a person charged with a misdemeanor is brought before a magistrate on complaint of the party injured, and pleads guilty thereto, such

magistrate shall sentence him to such punishment as he may deem proper according to law, and order the payment of costs. If the complaint is not made by the party injured and the accused pleads guilty, the magistrate shall require the accused to enter into a recognizance to appear before the proper court as provided when there is no plea of guilty."

"Sec. 13433-10. When the accused is brought before the magistrate and there is no plea of guilty, he shall inquire into the complaint in the presence of such accused. If it appear that an offense has been committed, and there is probable cause to believe the accused guilty, he shall order him to enter into a recognizance with good and sufficient surety, in such amount as he deems reasonable, for his appearance at a proper time and before the proper court, otherwise, he shall discharge him from custody. If the offense charged is a misdemeanor, and the accused in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment."

So far as prosecutions for violations of the motor vehicle act are concerned, said Section 13433-9, General Code, provides for a situation where the accused pleads guilty, and *prohibits* the justice of the peace from sentencing the accused unless the complaint is made by "the party injured".

That prohibition is not removed by Section 13433-10, General Code, which provides for an entirely different situation—to wit, a trial, a contest, made necessary by a plea of not guilty.

If the accused pleads guilty to a complaint which is not filed by the party injured, the justice is without jurisdiction to sentence, but on the contrary "shall require the accused to enter into a recognizance to appear before" another court.

The justice cannot make such an order as he is by

said section required to make, and still hold the accused for trial before him.

The plea of guilty prevents a trial and even renders unnecessary an examination. There is then no need of a jury and no occasion for a waiver of a jury, and a waiver under such circumstances is a mere nullity, and therefore the provision in the last sentence of Section 13433-10, General Code, as to waiver of a jury, has no application where there has been a plea of guilty; that provision by its very terms applies to a situation where the justice is called upon to make an examination, and requires such waiver to be filed "before or during the examination," and the terms of the waiver are that the accused "submit to be *tried* by the magistrate," which requirement that the waiver be filed, and the terms thereof, are clearly nonsensical if there has been a plea of guilty.

It is true that Section 13433-9, General Code, provides that if the accused pleads guilty, and the complaint is not made by the party injured, the justice shall bind the accused over to another court "as provided when there is no plea of guilty."

But the language last quoted cannot be interpreted to mean that the justice shall hold an examination or try the accused when he has plead guilty. What the justice shall do, "as provided when there is no plea of guilty", is not to try the accused and sentence him, but is specifically stated to be to "require the accused to enter into a recognizance to appear before the proper court".

That the above construction of the language of these statutes is justified is apparent when we consider the object of the Legislature in restricting the jurisdiction of justices to pass final judgment.

That object was not, as suggested by counsel, to withhold, from the justices, jurisdiction to sentence where the complaint was not made by the party in-

jured, because in such a case the constable might be "motivated solely by his desire for revenue," but the object was, as stated in *Hanaghan* v. *State, supra,* "to prevent collusive complaints," whereby, in the absence and without the knowledge of the injured party, the accused was enabled to escape adequate punishment.

In *Hanaghan* v. *State, supra,* where the two statutes in question were being considered, when, so far as the question now before this court is concerned, they were exactly the same as they now are, the court in the first and second paragraphs of the syllabus declared the law to be:

"1. An examining magistrate is not authorized to pass sentence upon the accused on his plea of guilty of a misdemeanor, except when the complaint is made by the party injured.

"2. By 'the party injured,' as that phrase is used in section 7146, of the Revised Statutes, is meant the person who suffers some particular injury from the commission of the misdemeanor, as distinguished from that which results to the public, or local community where it was committed."

In the opinion in said case, the court observes that "The former [now Section 13433-9, General Code] prescribes, specifically, the proceedings of the magistrate upon a plea of guilty, and the latter [now Section 13433-10, General Code] those where there is not such a plea."

We know of no statute, then or now in force, or any decision of the Supreme Court, which in any way warrants a contrary conclusion in reference to the jurisdiction of justices of the peace to sentence for violations of the statutes under which said Stahl was sentenced. There are, however, statutes which do confer such authority upon mayors, police courts, and other inferior courts. We are not called upon to consider the wisdom or unwisdom of the statutes in question,

which withhold such jurisdiction from justices of the peace, but, aside from the result that was reached in this case, the happenings in many of said courts, which are matters of common knowledge, furnish ample justification for the belief that such legislation is wise.

Our conclusion is that, where a person is accused of violating a penal section of the motor vehicle act, and is brought before a justice of the peace upon a complaint which is not made by the party injured, and such accused pleads guilty, said justice is without jurisdiction to render final judgment and sentence the accused, although the accused, after pleading guilty, subscribes a writing waiving a jury and submitting to be tried by the justice. Under such circumstances the justice has jurisdiction only to "require the accused to enter into a recognizance to appear before the proper court", as provided in Section 13433-9, General Code.

We do not regard the act of the justice in sentencing Stahl as merely an exceeding of authority or power which the justice had jurisdiction to exercise. The justice had two kinds of jurisdiction, depending upon the circumstances: one to exercise the power to hear and determine as an examining magistrate, and the other to hear and determine the fact of the guilt or innocence of Stahl and then either to discharge or pronounce sentence upon him.

The justice assumed to exercise the latter; and as we find, under the circumstances of this case, a total lack of such jurisdiction, we hold that Stahl is unlawfully restrained of his liberty. It is therefore ordered that he be discharged from custody.

*Writ allowed.*

FUNK, P. J., and STEVENS, J., concur.